# DECISIONS IN CIVIL CAUSES.

## TYLER TERM, 1885.

### J. B. LIGON v. MO. PAC. R'Y CO.

(No. 1993.)

APPEAL from Wood County.   Opinion by WILLSON, J.

GILES & KUTEMAN, counsel for appellant.

WHITAKER & BONNER, counsel for appellee.

§ **1.** *Special damages for delay in delivery of goods by carrier; insufficient allegations as to; case stated.* Suit to recover damages for delay in delivery of freight. Appellant alleged in his petition that he had entered into a contract with Wood county to build a court-house; that he shipped from St. Louis to Mineola, over appellee's railroad, certain freight, consisting of doors, window blinds, etc., to be used in the construction of said court-house; that appellee did not deliver said freight at Mineola within a reasonable time, but delayed delivering the same for the period of eight days beyond a reasonable time; that during such delay appellant had in his employ twenty laborers, who in consequence of such delay were idle, but whose wages, $3 for each hand, making in the aggregate $480, he was compelled to pay; that he paid out the further sum of $18 in telegraphing in search of said delayed freight.   He prayed for judgment for these two items of damages.  He further alleged, in an amended petition, that four days after the shipment of said freight he notified appellant's agents at St. Louis

and Mineola of the importance to him of the immediate delivery of said freight. A general demurrer was sustained to the original and amended petition, and the suit was dismissed. *Held:* The item of $480 paid to the laborers constitute special damage, such as would not ordinarily be the natural and direct consequence of the alleged delay, and such as could not reasonably be considered as having been within the contemplation of the parties at the time of making the contract of shipment. Appellant was not, therefore, entitled to recover such damages, unless at the time of making the contract of shipment appellee had knowledge of the facts which would reasonably make it probable that delay in performing the contract of carriage would result in such damages to him. Without alleging such knowledge on the part of appellee no cause of action for such damages was shown, and there is no such allegation in appellant's pleadings. [W. & W. Con. Rep. § 206; 2 W. Con. Rep. §§ 404, 631; Hutch. on Carriers, § 776; 1 Sutherland, Dam. 84, 85; Field on Dam. §§ 375–388.]

§ **2.** *Special damages for breach of contract, not recoverable unless the party in default had knowledge of the facts, etc., at time of making contract.* The allegation that appellant notified appellee's agents, four days after the shipment of the freight, of the importance to him of its immediate delivery, cannot avail to make appellee liable for special damages. The facts which would render probable such special damages must have been within the knowledge of appellee at the time of entering into the contract of shipment. A subsequent knowledge of such facts would not, in the absence of fraud, or gross negligence on the part of the appellee, render it responsible beyond the general measure of damages in ordinary cases of delay in the delivery of goods by a carrier. [See authorities cited in preceding section.]

§ **3.** *Jurisdiction of county court as to amount; damages for which no cause of action is shown will not confer jurisdiction.* As to the item of $18, claimed as

damages, it is unnecessary to determine whether or not the same would be recoverable under the general measure of damages. Even if recoverable, the amount is not within the jurisdiction of the county court, and could not be adjudged in this suit.

October 14, 1885.     Affirmed.